UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GARY PERFETTO,

              Petitioner,

-against-

CATHERINE A. COOK,

              Respondent.
-----------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

10-CV-4694 (KAM)

MATSUMOTO, United States District Judge:

      Petitioner Gary Perfetto ("petitioner"), who is incarcerated at Otisville Correctional Facility, filed this *pro se* petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (*See* ECF No. 1, Petition for Writ of Habeas Corpus ("Pet.").) As petitioner has filed two prior petitions under 28 U.S.C. § 2254 challenging the same conviction, the court cannot consider the instant petition and transfers it to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

      On April 10, 1985, petitioner was convicted in New York Supreme Court, Queens County, of murder in the second degree and robbery in the first degree. (Pet. ¶¶ 1-5.) He was sentenced to a concurrent sentence of 20 years to life for murder and 8 1/3 to 25 years for robbery. (*Id.* ¶¶ 3, 5) The New York Supreme Court, Appellate Division, Second Department, affirmed the conviction on August 10, 1987, *People v. Perfetto*, 133 A.D.2d 127, 518 N.Y.S.2d 662 (2d Dep't 1987), and the Court of Appeals denied leave to appeal on January 15, 1988. *People v. Perfetto*, 70 N.Y.2d 959, 520 N.E.2d 561, 525 N.Y.S.2d 843 (1988) (Table).

      Petitioner has previously challenged this conviction pursuant to 28 U.S.C. § 2254 in two prior petitions to the United States District Court for the Eastern District of New York, both of which were denied. (*See* 94-CV-4177 (JS), ECF. Nos. 1, 10, 21; 88-CV-3822 (JS), ECF

Nos. 1, 9, 11); *see also Perfetto v. Hoke*, 898 F. Supp. 105 (E.D.N.Y. 1995) (denying petition); *Perfetto v. Kuhlmann*, 152 F.3d 920 (2d Cir. 1998) (denying motion to reopen the time for filing a notice of appeal); *Perfetto v. Kuhlmann*, 525 U.S. 984 (1998) (cert. denied). The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003). Therefore, petitioner must move in the Second Circuit for permission to pursue this successive petition for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A).

Accordingly, in the interest of justice, the Clerk of Court shall transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Torres*, 316 F.3d at 151-52 (citing *Liriano v. United States*, 95 F.3d 119, 121-23 (2d Cir. 1996) (*per curiam*)). The provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven day delay is waived. Upon transfer of this petition, the Clerk of the Court is respectfully requested to close this case. If the Second Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen under this docket number. The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and to make a notation of the service in the docket.

**SO ORDERED.**

/S/

KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
November 8, 2010